**P. J. WILLIS & BRO. v. COLE et al.**

(Circuit Court of Appeals, Fifth Circuit. February 25, 1895.)

No. 315.

HOMESTEAD—EVIDENCE TO SHOW ESTABLISHMENT—CREATION OF LIENS.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

This was a suit, originally brought by P. J. Willis & Bro., Incorporated, against James P. Cole, Lewis Cole, and T. W. Huddleston, to enforce the lien of a trust deed upon certain lands situated in Bosque county, Tex. Afterwards, by stipulation of the parties, Thomas R. Lawson, trustee in said deed of trust, was made a party plaintiff, and Mary Cole, wife of Lewis Cole, was made a party defendant. The circuit court found upon the evidence that part of one tract covered by the deed of trust was, at the time of the execution thereof, the homestead of Lewis Cole and wife, Mary L. Cole, for which reason it held that no lien could or did attach thereto by virtue of such deed. The court, however, decreed the enforcement of the lien against the remainder of the land embraced within the terms of the deed of trust. From this decree the complainant appealed.

As shown by the assignments of error set out below, the controverted question was mainly one of fact. No opinion was written by the circuit court.

First assignment of error: The court erred in holding that the 200-acre tract claimed by Lewis R. Cole and Mary L. Cole as their homestead was such, because it appears that the burden of proof was upon them to show the fact to be such, and the trust deed of date December 14, 1891, signed by Lewis R. Cole and Thomas F. Lawson, recites that the southeast quarter of block 27, in the town of Morgan, was at that very particular time his homestead, and that he was then using, occupying, and enjoying the same as such, and that the 200 acres in controversy in this suit was not his homestead; and in this statement he was supported upon the trial by two witnesses, T. W. Huddleston and F. M. Hornbuckle, whereby the complainant established beyond controversy the fact that the homestead of Lewis R. Cole, and consequently that of his wife, was the southeast quarter of block 27 in Morgan, and not the 200 acres in controversy.

Second assignment of error: The court erred in holding that the 200 acres in controversy was the homestead of Lewis R. Cole and Mary L. Cole, in this: that it was clearly established that, although Lewis R. Cole and wife once occupied this 200 acres as a homestead, the same was abandoned for this purpose in June, 1891, and that thereafter, until within a few days of the date of the deed of trust in question, December 14, 1891, Lewis R. Cole and wife occupied the southeast quarter of block 27 in the town of Morgan as their homestead; and there is no evidence in the record to show any removal from that homestead at Morgan (if any is shown) was not an incidental removal; nor was there any evidence to show that prior to the 14th day of December, 1891, any declaration was made by Cole and his wife dedicating the 200 acres in the country as their homestead, or indicating an abandonment of the southeast quarter of block 27 in Morgan as their homestead. So that, so far as the evidence goes, the removal (if any) from the homestead in Morgan was incidental, not with the intention of abandonment, but, on the contrary, with the intention of retaining the same as a homestead, as shown by the recital to that effect by Lewis R. Cole in his solemn deed of trust to Thomas F. Lawson, for the use of complainant, on the 14th day of December, 1891.

Eugene Williams, for appellant.

Maco Stewart, for appellees.

Before PARDEE and McCORMICK, Circuit Judges, and TOULMIN, District Judge.

PER CURIAM. The record showing no reversible error, the decree appealed from is affirmed.